■Chancellor Thompson.
There is no rule of law better settled, than that where a preferred creditor has a lien on two funds, and another creditor has a junior lien, on one of them, the creditor who has the preference shall resort to that which will operate the least injuriously to the junior creditor; but this rule is not so inflexible as to admit of no exceptions. For the senior creditor is not hound to resort to a dubious fund, or one which may involve him in litigation, when there is unincum-bered property, notwithstanding the claim of the junior creditor may be defeated thereby.
in this case there was a sufficiency of unincumbered property of Col. Adair, to satisfy all previous liens to the mortgage, and it was the duty of the sheriff to have applied the amount raised by the sale thereof to the extinguishment of those liens, before he could resort to the mortgaged property.. There was no act of the junior judgment creditors which coulti-entitle them to a preference over the mortgagee. It is therefore ordered and decreed, that after the previous liens are satisfied, so much of the money arising out of the sale of property of Col. Adair be applied in discharge of the mortgage and the interest arising thereon, as will be sufficient to satisfy the; same, and that the defendant do pay the costs of suit.
From this decree the defendant appealed oh the ground^,
1 st. That the matter was not within the jurisdiction of th,e court:
2d. That the proper parties were not made by the bill; that the sheriff had no interest, and that the judgement creditors should have been parties.
3d. That the mortgage having been defeated by the legal-operation of the senior judgment, could have no preference over junior judgments, with respect to property on w'hich it had no lien; especially as the junior judgment creditors had indemnified the sheriff in selling the property, and the senior judg - rpent creditors had refused to do so.
Decree affirmed by the whole court.